**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30144 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00025-RFC-1 |
| v. | |
| JAMES TAFELMEYER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted August 25, 2014
Seattle, Washington

Before: NOONAN, HAWKINS, and CHRISTEN, Circuit Judges.

James Tafelmeyer, a convicted felon currently serving a 97-month federal prison sentence for receiving child pornography, appeals the district court's denial of his motion to modify his conditions of supervised release. Specifically, Tafelmeyer contends that the district court abused its discretion in imposing a

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

condition that requires him to submit to suspicionless searches, including GPS tracking, because such a condition violates his Fourth Amendment right to be free from warrantless searches and seizures. Tafelmeyer sought to modify the release condition following his sentencing hearing. The district court denied his motion. . The court reasoned that Tafelmeyer's status as a supervised releasee affords him fewer privacy rights than the average citizen, and that his long history of accessing pornography—even when admonished against doing so while on pretrial release—warrants increased supervision once he is released from prison.

We review the district court's imposition of the release condition for abuse of discretion, *see United States v. King*, 608 F.3d 1122, 1130 (9th Cir. 2010), and the underlying Fourth Amendment claim de novo, *see United States v. Cotterman*, 709 F.3d 952, 959-60 (9th Cir. 2013) (en banc).

**1.** The district court properly found that requiring Tafelmeyer to submit to suspicionless searches while on supervised release presents no Fourth Amendment violation. The Supreme Court made clear in *Samson v. California* that the Fourth Amendment does not prohibit suspicionless searches of parolees because the government's interest in reducing recidivism and its interest in promoting reintegration of those on conditional release "warrant privacy intrusions that would not otherwise be tolerated under the Fourth Amendment." 547 U.S. 843, 853

2

(2006). This court subsequently extended *Samson* to supervised releasees, holding that "[t]here is no sound reason for distinguishing parole from supervised release with respect to [a suspicionless search] condition." *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007).

**2.** The district court did not abuse its discretion in imposing the condition of release because the condition reasonably furthers the goals of "deterrence, protection of the public, [and] rehabilitation of the offender." *United States v. Weber*, 451 F.3d 552, 558 (9th Cir. 2006) (internal quotation marks and citation omitted). These goals are achieved in two ways: First, suspicionless searches will deter Tafelmeyer from possessing more child pornography, an activity that is easily concealed and difficult to discover without a search. This added deterrence is all the more necessary in light of Tafelmeyer's demonstrated inability to abstain from viewing pornography while on pretrial release. Second, enhanced supervision, including GPS tracking, facilitates compliance with other conditions of supervised release, such as the requirement that Tafelmeyer avoid schools and other places frequented by children. In short, the suspicionless search condition poses no greater deprivation to Tafelmeyer's already limited liberty interests than is necessary to further the goals of supervised release.

**AFFIRMED.**